## MARENBURG v ZAFT

Ohio Appeals, 6th Dist, Lucas Co
No 2460. Decided March 9, 1931

E. E. Shaw, Brown & Sanger, and S. M. Douglas, all of Toledo, for Marenburg.

Meck & Meck, Toledo, for Zaft.

RICHARDS, J:

One verdict for the plaintiff having been set aside by the trial court on the ground that it was against the weight of the evidence, this court is now unable to reverse the judgment on that ground.

Many claimed errors occurred at the last trial of the case, all of which have had the careful consideration of the court, but we find prejudicial error in one respect only. The evidence in the bill of exceptions clearly shows that the verdict for $7,000.00 is manifestly excessive and was rendered under the influence of passion and prejudice.

At the time of the injury, Mrs. Maren-burg had title to the property. It is apparent from the record that some time before the last trial, proceedings were brought in court by or on behalf of her children, claiming that this property was purchased with money belonging to them which came from their father's estate and which she held as their guardian, and that she had invested the money in this proprety and taken title in her own name. Under order of the court, a deed for this property was made by her to the children shortly before the last trial of the case. Most of the evidence relating to this transaction went in without objection. It was, of course, proper to show that she was the owner of the property at the time of the injury and she and the children seem to have occupied the property for some twelve years, extending up to and including the time of the injury. No issue existed as to subsequent ownership, and the trial court could not, of course, go into the circumstances attending the proceedings to secure title for the children. That was a collateral matter, and had nothing to do with the liability for damages or the amount of damages, if liability existed. Counsel for Mrs. Zaft, in the argument of the case to the jury, laid great stress on what he claimed was the wrongful conduct of Mrs. Marenburg in transferring title to this property shortly before the trial of the action, and urged that the transfer had been made for the purpose of defeating the claim of the plaintiff. Counsel insisted that in as much as the testimony had been introduced, that he had the right to make any comments on it which he saw fit, but it must be remembered that so far as the real issue between the parties is concerned, the evidence was wholly immaterial. Counsel in argument asserted that the defendant was contending, by reason of the transfer, that if the jury decided against her she was going to defeat the claim anyway by means of the transfer of title.

Many objections occurred during the argument of counsel for plaintiff, and the court stated that while the evidence showed the transfer of the property, it did not show that it was done for the purpose of defeating plaintiff's claim. Counsel thereupon argued that when a person made a transfer of five pieces of property, four houses and a store building, a week before a lawsuit, the jury could draw the inference as to the purpose for which that transfer was made. This line of argument was persisted in and, we have no doubt, produced, through raising the passion and prejudice of the jury, the excessive verdict

which was rendered on the last trial. It is true that some weeks after the injury the plaintiff was afflicted with phlebitis, but there is no evidence to show that this was caused or aggravated by the injury.

The judgment will be reversed and the cause remanded for a new trial.

WILLIAMS, J, concurs.

LLOYD, J, not participating.